**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

**JESSICA KEELING-KEY,**

**Plaintiff,**

**v.** **Case No. 1:26-cv-01122-STA-jay**

**SUMMIT ROOFING DYERSBURG, LLC, et al.,**

**Defendants.**

**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**

Plaintiff Jessica Keeling-Key filed this action on June 8, 2026. Plaintiff has alleged claims of sex discrimination, sexual harassment, unequal pay, retaliation, invasion of privacy, and related state-law violations, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the Equal Pay Act, 29 U.S.C. § 206(d); the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq*.; and Tennessee common law against Summit Roofing Dyersburg, LLC and Leslie Forrester. The summons for each defendant was executed on June 18, 2026. (ECF Nos. 7, 8.)

On July 9, the Court granted Defendants' pro se motion for extension of time in which to file an answer. (ECF No. 10.) Defendants were given thirty days in which to file an answer or otherwise respond to the complaint. The requisite time passed without an answer or other response being filed. Therefore, on August 18, the Court ordered the parties to file a report as to the status of the lawsuit. (ECF No. 11.) Defendants were mailed a copy of this order.

On August 20, Plaintiff responded to the order and stated that, following the expiration of the extension of time granted to Defendants, he "attempted to determine whether Defendants intended to file a late responsive pleading or to retain counsel, given that Defendants had

previously appeared and requested additional time. Counsel did not receive any response." (ECF No. 12, p. 2.) Plaintiff requested entry of default on that same day (ECF No. 13.) The Clerk entered default the next day, August 21. (ECF No. 14.)

Almost three weeks later, on September 10, an attorney appeared on behalf of Defendants. (ECF No. 15.)[1] One week after that, on September 17, Defendants filed a late answer without explanation and without seeking an extension of time in which to do so. (ECF No. 16.) Defendants also filed a "motion to set aside default judgment" pursuant to the **Tennessee** Rules of Civil Procedure. (ECF No. 17.) Defendants cite both the Tennessee Rules and Tennessee caselaw in support of their motion – even though this matter is in federal court.

As grounds for their failure to respond to the complaint in a timely manner and before entry of default, Defendants assert that they were not able to hire an attorney until September 10. However, they do not explain why they did not seek a second pro se extension of time in which to respond to the complaint. Plaintiff has responded to Defendants' motion and objects to the relief sought. (ECF No. 18.)

First, to clarify, a default judgment has not been granted. Instead, the Clerk has entered default against Defendants. A default judgment is "[a] judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim ...." *Default Judgment, Black's Law Dictionary* (11th ed. 2019). Rule 55 of the Federal Rules of Civil Procedures provides, in pertinent that, that"[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). When evaluating either a motion to set aside an entry of default or a default judgment, the court considers three factors: (1) whether the default was the result of the defendant's willful or culpable conduct; (2) whether the plaintiff would be prejudiced if the default is set aside; and

[1] This same attorney was allowed to withdraw as counsel of record on October 12, 2026.

(3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir. 1989).

Rule 55 "leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment. *Id.* Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co*., 705 F.2d at 846.

This case presents a close question. The record shows that the entry of default was the result of Defendants' "willful or culpable conduct" as explained in the timeline detailed above. However, the action was filed approximately four months ago, and Plaintiff cannot show prejudice in Defendants' delay. Moreover, in their answer Defendants have asserted at least some defenses that could prove to be meritorious. Accordingly, the Court will resolve the issue in favor of trying this matter on the merits and will **GRANT** the motion to set aside entry of default.

As for Defendants' legal representation, Defendant Leslie Forrester will have twenty-one (21) days from the entry of this order in which to notify the Court of the name of his new attorney or whether he intends to represent himself. Defendant Summit Roofing Dyersburg, LLC will have twenty-one (21) days from the entry of this order in which to notify the Court of the name of its new attorney. This defendant will not be able to represent itself. *See*, *e.g.*, *Miniard v. LFUCG Div.*

*Code Enf't*, 2023 WL 2587474, at *6 (E.D. Ky. Mar. 21, 2023) (reiterating that an LLC may only appear in court through a licensed attorney).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 19, 2026